IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| RASHAWN FARMER-SHAW,<br><br>       Plaintiff,<br><br>  vs.<br><br>FORMER SEC. JOHN WETZEL, IN HIS INDIVIDUAL CAPACITY; FORMER SUPT. CLARK, IN HIS INDIVIDUAL CAPACITY; SUPT. OLIVER, IN HIS INDIVIDUAL CAPACITY; AND HEALTHCARE ADM. NOSOK, IN HIS INDIVIDUAL CAPACITY;<br><br>       Defendants, | 1:22-CV-00336-RAL<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>ORDER ON MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; ORDER DENYING MOTION TO DISMISS AS MOOT<br><br>IN RE ECF NO. 13; ECF NO. 18 |

In response to the Defendants' pending motion to dismiss (*see* ECF No. 13), Plaintiff Rashawn Farmer-Shaw ("Plaintiff") has filed both a motion seeking leave to file an Amended Complaint (ECF No. 18) and a Response in Opposition to the motion to dismiss (ECF No. 19). As noted in the Court's prior order (ECF No. 15), these filings are procedurally inapposite and create confusion as to whether Plaintiff wishes to oppose the motion to dismiss (and stand on his previously filed complaint) or desires to proceed under the Amended Complaint. *See, e.g., Major v. SCI-Green,* 2022 WL 413334, at *1 (W.D. Pa. Sep. 12, 2022)*; Sledge v. Martin*, 2022 WL 1597419, at *1 (W.D. Pa. May 19, 2022).

The Court will resolve the uncertainty in favor of Plaintiff's proposed Amended Complaint. Federal Rule of Civil Procedure permits the filing of an Amended Complaint in response to a motion to dismiss without leave of Court. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within ... (B) 21 days after the service of

a motion under Rule 12(b) ..."). In general, an amended complaint supersedes the original complaint, rendering the previously-filed pleading a nullity; the amended complaint becomes the operative pleading. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). Thus, Plaintiff's motion to file an Amended Complaint is **granted** and the Clerk of Court is directed to docket the proposed pleading (ECF No. 18-1) as the operative pleading in this case.

Given that the Defendants' motion to dismiss challenged the previous (and now inoperative) complaint, that motion is **denied as moot**. In light of that denial, the Defendants have several options. After reviewing the Amended Complaint, they may file a new motion to dismiss within thirty days of the date of this order or an Answer to the Amended Complaint within fourteen days. In the alternative, the Defendants may notify the Court of their intention to stand on their previous motion in its entirety. The Court would then reactivate the motion (docketed at ECF No. 13) and accompanying documents (ECF No. 14). Or, they may stand on their prior motion and file a supplementary memorandum addressing any new allegations brought in the Amended Complaint. Major would then be afforded thirty days to file a response. The choice of which option to pursue is at the Defendants' discretion.

Finally, the Plaintiff is cautioned that any further amendment of pleadings will not be permitted without leave of court. *See* Fed. R. Civ. P. 15(a)(3).

SO ORDERED this 9th day of May, 2023.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE