IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| RASHAWN FARMER-SHAW, <br><br> Plaintiff <br><br> vs. <br><br> FORMER SEC. JOHN WETZEL, IN HIS INDIVIDUAL CAPACITY; FORMER SUPT. CLARK, IN HIS INDIVIDUAL CAPACITY; AND NORSOK, <br><br> Defendants | ) <br> ) <br> ) 1:22-CV-00336-RAL <br> ) <br> ) <br> ) RICHARD A. LANZILLO <br> ) CHIEF UNITED STATES MAGISTRATE <br> ) JUDGE <br> ) <br> ) <br> ) MEMORANDUM OPINION ON <br> ) DEFENDANTS' MOTION TO DISMISS <br> ) <br> ) IN RE: ECF NO. 33 <br> ) |

I. Background and Procedural History

Plaintiff Rashawn Farmer-Shaw ("Farmer-Shaw"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced this action against the former Secretary of the DOC, John Wetzel, and three officials at the State Correctional Institution at Albion ("SCI-Albion"), former Superintendent Clark, Superintendent Oliver, and Healthcare Administrator Norsok. His Amended Complaint alleged that the Defendants violated his constitutional rights by adopting and implementing policies that caused him to receive the Johnson & Johnson ("J&J") COVID-19 vaccine without his informed consent. The Court granted the Defendants' motion to dismiss Farmer-Shaw's Amended Complaint because it failed to allege facts to support his conclusory claims.[1] See ECF No. 28, generally. The Court dismissed Farmer-Shaw's claims without prejudice to his filing a further amendment to cure their deficiencies. See ECF No. 29. Thereafter, Farmer-Shaw filed a Second Amended

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings under 28 U.S.C. §636(c).

1

Complaint ("SAC") which removed Oliver as a Defendant but again claimed that Defendants Wetzel, Clark, and Norsok violated his constitutional rights in connection with the policies and procedures that led to his receiving the J&J vaccine.² ECF No. 32. The remaining Defendants have again moved to dismiss Farmer-Shaw's claims under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 33. They argue that Farmer-Shaw has failed to correct any of the pleading deficiencies of his Amended Complaint. Farmer-Shaw has filed a response in opposition to the motion (ECF No. 39), and the matter is now ripe for disposition. For the reasons discussed herein, the Defendants' motion will be granted in part and denied in part.

II.   Standard of Review

Like their prior motion to dismiss Farmer-Shaw's Amended Complaint, the Court reviews Defendants' pending motion according to the familiar standard governing motion under Federal Rule of Civil Procedure 12(b)(6). *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court accepts as true the SAC's factual allegations and examines them in a light most favorable to Farmer-Shaw. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

---

² Farmer-Shaw's Amended Complaint sued the Defendants solely in their individual capacities. His SAC names them in both their individual capacities and their official capacities. *See* ECF No. 21, ¶¶ 3-5.

2

550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts alleged in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, because Farmer-Shaw is proceeding pro se, his SAC must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read his SAC to state a valid claim upon which relief can be granted, it will do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969). With these standards as guidance, the Court turns to the allegations and claims of Farmer-Shaw's SAC.

III.    The Second Amended Complaint

Farmer-Shaw alleges that policies adopted by Secretary Wetzel during the COVID-19 pandemic "coerced" inmates to agree to be vaccinated. ECF No. 32, p. 2. He asserts that an inmate's refusal to be vaccinated resulted in "job loss and isolation" as well as an inability to attend religious services. *Id.* In addition, the DOC offered any inmate who agreed to be vaccinated a payment of $25. He contends that such policies placed him under such "duress" that he ultimately agreed to accept vaccination. *Id.*

Medical personnel at SCI-Albion administered the J&J COVID-19 vaccine to Farmer-Shaw on May 4, 2021. ECF No. 32, p. 2. Farmer-Shaw alleges that the J&J vaccine presented heightened "risks of blood clots forming in the body" and that he "did not have a clear understanding" of the nature of the vaccine or its risks for blood clots. *Id.* Ten months later, on March 18, 2022, Farmer-Shaw experienced "massive swelling inside and outside his left leg." *Id.* He was sent to a hospital where he was diagnosed with blood clots. *Id.* While there, a nurse

4

told him that the J&J vaccine was the cause of "massive, extensive blood clotting." *Id.*, p. 3. Farmer-Shaw alleges that Secretary Wetzel and Health Care Administrator Norsok "knew about this high risk vaccine during the distribution inside prison walls ..." *Id.*

The SAC asserts two claims: (1) an unlawful seizure claim under the Fourth Amendment; and (2) a Fourteenth Amendment "informed consent" substantive due process claim. *Id.* The SAC seeks compensatory and punitive damages as well as declaratory and injunctive relief. *Id.* p. 5.

IV. Discussion and Analysis

A. Farmer-Shaw's Fourth Amendment Claim will be dismissed.

As pertains to this case, the Fourth Amendment provides that "[t]he right of the people to be secure in their persons...against unreasonable searches and seizures, shall not be violated..." U.S. Const. amend. IV. *See also Maryland v. King*, 569 U.S. 435, 446 (2013). Farmer-Shaw again claims that the DOC's COVID-19 vaccination policies subjected him to an unlawful seizure under the Fourth Amendment to the Constitution. This claim fails because no seizure within the scope of the Fourth Amendment occurred in this case.

Although Farmer-Shaw claims that DOC policies "coerced" him and placed him under "duress" to accept vaccination, the facts alleged in the SAC do not support any such conclusion. The SAC alludes to unspecified DOC policies that apparently restricted the privileges of unvaccinated inmates within the prison. While Farmer-Shaw refers to these policies in only vague generalities, they nevertheless appear to be rationally related to the legitimate penological interest of mitigating the spread of a highly contagious disease in the congregate environment of a prison. And nothing alleged in the SAC describes a policy of coercion or duress. The policies described by Farmer-Shaw simply presented him and other inmates with a choice. An inmate

who accepted vaccination retained greater opportunities to interact within the general prison population while an inmate who declined vaccination was subject to restrictions on congregate activities and interaction. Such a choice does not rise to coercion or duress. *See Smith v. Biden*, 2021 WL 5195688, at *8 (D.N.J. Nov. 8, 2021) (holding that while employee-plaintiffs "are undeniably being presented with a difficult choice -- comply with the vaccine mandate or risk losing their employment[,] [t]hey are… presented with a choice and are not being coerced to give up a fundamental right since there is no fundamental right to refuse vaccination"); *Judge v. Shikellamy Sch. Dist.*, 2017 WL 1550042, at *10 (M.D. Pa. May 1, 2017) (advising employee that she had the choice to resign her position or face disciplinary charges and proceedings was not coercion or duress), *aff'd*, 905 F.3d 122 (3d Cir. 2018). A seizure of a person within the meaning of the Fourth Amendment involves "'physical force' or a 'show of authority' that 'in some way restrain[s] the liberty' of the person." *Torres v. Madrid*, 592 U.S. 306, 311 (2021) (internal punctuation omitted) (quoting *Terry v. Ohio*, 392 U. S. 1, 19, n. 16 (1968)). No physical force or show of authority compelled Farmer-Shaw to receive the vaccine. His Fourth Amendment claim, therefore, fails as a matter of law and will be dismissed.

  B. The SAC' Fourteenth Amendment substantive due process claim will not be dismissed.

In contrast to Farmer-Shaw's Fourth Amendment claim, his Fourteenth Amendment claim is supported by sufficient factual allegations to survive beyond the pleading stage of the case. This claim is premised upon allegations that the Defendants failed to disclose information known to them concerning the risks of the J&J vaccine and, in doing so, denied him "informed consent" to receiving the vaccine.

"The right to refuse unwanted medical treatment arises from the Due Process Clause of the Fourteenth Amendment." <u>Bird v. Martinez-Ellis</u>, 2022 WL 17973581, at *3–4 (10th Cir.

Dec. 28, 2022) (citing *Cruzan ex rel. Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 278 (1990); *Washington v. Harper*, 494 U.S. 210, 221–22 (1990), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). This right extends to prisoners. *Id.* And furthermore, "[p]risoners also have a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment, as well as a reasonable explanation of the viable alternative treatments that can be made available in a prison setting." *White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990); *see also Pabon v. Wright*, 459 F.3d 241, 249 (2d Cir. 2006) (adopting holding in White); *Brown v. Wolf*, 705 F. Appx. 63, 66 (3d Cir. 2017) (holding that prisoner's "allegations that he has been denied information to allow him to make an informed decision, coupled with his allegations of serious medical issues, facially show that he was at imminent risk of serious physical injury at the time he filed the complaint"). To sustain an "informed consent" substantive due process claim, the prisoner must prove that (1) he was deprived of information that a reasonable patient would deem necessary to make an informed decision about his medical treatment, (2) the defendant acted with deliberate indifference to the prisoner's right to refuse treatment, and (3) if the prisoner had received the information, he would have refused the treatment." *Knight v. Grossman*, 942 F.3d 336, 343–44 (7th Cir. 2019). Even where the prisoner establishes that his right to informed consent has been violated, the Court must then "take the second and final step of balancing the prisoner's right to informed consent against countervailing state interests." *Id.* "Liability arises only if, in the end, the prisoner's right outweighs the state interests." *Id.*

Farmer-Shaw alleges that "Former Sec. Wetzel and Healthcare Administrator Norsok knew about" the high risks associated with the J&J vaccine but failed to disclose this information to inmates. ECF No. 32, p.3. Disclosure of such risks associated with drugs subject to

emergency use authorization is mandatory. *See* 21 U.S.C.A. § 360bbb-3. The record is presently silent concerning what, if any consent forms were signed or other disclosures made regarding the J&J vaccine. Accepting, as the Court must, the allegation that Wetzel and Norsok knew of risks presented by the J&J vaccine but failed to disclose them to Farmer-Shaw, the SAC is sufficient to satisfy the first two elements of an "informed consent" substantive due process claim. The SAC is also sufficient to support the third element—that Farmer-Shaw would have declined the vaccine had he known the risks. Finally, because the record is presently undeveloped regarding any state interest regarding the extent of the disclosure provided by the DOC regarding the risks of J&J vaccine, the Court cannot weigh any such interest against prisoners' right to disclosure of those risks.

Accordingly, the motion to dismiss Farmer-Shaw's Fourteenth Amendment claim will be denied as to Wetzel and Norsok. The motion will be granted, however, as to Clark. The only allegation against Clark is a vague and conclusory allegation that he somehow "carried out" Wetzel's policies. The SAC alleges no facts to support any of the elements of a Fourteenth Amendment "informed consent" against Clark.

V. Conclusion

For the foregoing reasons, Defendants' motion to dismiss the SAC (ECF No. 33) is GRANTED in part and DENIED in part. The motion will be granted as to all claims against Defendant Clark and Plaintiff's Fourth Amendment claim against Defendants Wetzel and Norsok. The motion will be denied as to Plaintiff's Fourteenth Amendment "informed consent" claim against Defendants Wetzel and Norsok.

A separate order follows.

DATED this 25th day of September, 2024.

                                BY THE COURT:

                                _____
                                RICHARD A. LANZILLO
                                CHIEF UNITED STATES MAGISTRATE JUDGE