IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| RASHAWN FARMER-SHAW,<br><br>Plaintiff<br><br>vs.<br><br>FORMER SEC. JOHN WETZEL, IN HIS INDIVIDUAL CAPACITY; FORMER SUPT. CLARK, IN HIS INDIVIDUAL CAPACITY; AND NORSOK,<br><br>Defendants | 1:22-CV-00336-RAL<br><br>RICHARD A. LANZILLO<br>CHIEF UNITED STATES MAGISTRATE JUDGE<br><br>MEMORANDUM OPINION ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>IN RE: ECF NO. 50 |

I. Background and Procedural History

Plaintiff Rashawn Farmer-Shaw ("Farmer-Shaw"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced this action against the former Secretary of the DOC, John Wetzel, and three officials at the State Correctional Institution at Albion ("SCI-Albion"), former Superintendent Clark, Superintendent Oliver, and Healthcare Administrator Norsok. His Amended Complaint alleged the Defendants violated his constitutional rights by adopting and implementing policies that caused him to receive the Johnson & Johnson ("J&J") COVID-19 vaccine without his informed consent. The Court granted the Defendants' motion to dismiss Farmer-Shaw's Amended Complaint because it failed to allege facts to support his conclusory claims.[1] See ECF No. 28. The Court dismissed Farmer-Shaw's claims without prejudice to his filing a further amendment to cure their deficiencies. See ECF No. 29. Thereafter,

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings under 28 U.S.C. §636(c).

1

Farmer-Shaw filed a Second Amended Complaint ("SAC") which removed Oliver as a Defendant but again claimed that Defendants Wetzel, Clark, and Norsok violated his constitutional rights in connection with the policies and procedures that led to his receiving the J&J vaccine.[2] ECF No. 32. The remaining Defendants again moved to dismiss, arguing Farmer-Shaw failed to correct any of the pleading deficiencies in his Amended Complaint. *See* ECF No. 33. The Court granted Defendants' motion in part and dismissed all claims against Defendant Clark and Farmer-Shaw's Fourth Amendment claim against Defendants Wetzel and Norsok. *See* ECF No. 44. The Court allowed his Fourteenth Amendment "informed consent" claim against Defendants Wetzel and Norsok to proceed, finding it was supported by sufficient factual allegations to survive beyond the pleading stage. *See id.*

Defendants Wetzel and Norsok answered the SAC (ECF No. 48), and now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 50. They argue Farmer-Shaw cannot state facts to support his Fourteenth Amendment claim and that Defendants are therefore entitled to judgment in their favor as a matter of law. Farmer-Shaw filed a response in opposition to the motion (ECF No. 53), and the matter is now ripe for disposition. For the reasons discussed herein, the Defendants' motion will be denied.

II.   Standard of Review

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings at any time "[a]fter the pleadings are closed--but early enough not to delay trial." The purpose of a Rule 12(c) motion is to "dispos[e] of cases when the material facts are not in dispute and judgment on the merits may be achieved by focusing on the content of the pleadings and any facts of which the court may take judicial notice." *In re Dreyfus Mut. Funds Fee Litig.*, 428 F.

---

[2] Farmer-Shaw's Amended Complaint sued the Defendants solely in their individual capacities. His SAC names them in both their individual capacities and their official capacities. *See* ECF No. 21, ¶¶ 3-5.

Supp. 2d 357, 358 (W.D. Pa. 2006) (citing 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1367 (3d ed. 2004)). As such, a Rule 12(c) motion will only be granted where "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (citation omitted).

"A motion for judgment on the pleadings under Rule 12(c) 'is analyzed under the same standards that apply to a Rule 12(b)(6) motion.'" *Wolfington*, 935 F.3d at 195 (quoting *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)). Thus, as with the prior motions to dismiss, in deciding Defendants' Rule 12(c) motion, the Court accepts as true the SAC's factual allegations and examines them in a light most favorable to Farmer-Shaw. *See Allstate Prop. & Cas. Ins. Co. v. Squires*, 667 F.3d 388, 390 (3d Cir. 2012). However, the Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004); *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009). Further, "a court may only consider 'the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents'" when considering a motion for judgment on the pleadings. *Wolfington*, 935 F.3d at 195 (citation omitted).

Finally, because Farmer-Shaw is proceeding pro se, his SAC must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). If the court can reasonably read his SAC to state a valid claim upon which relief can be

3

granted, it will do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969).

   III.   Discussion and Analysis

This action is proceeding solely on Farmer-Shaw's Fourteenth Amendment substantive due process claim against Defendants Wetzel and Norsok. This claim is premised upon allegations that Defendants failed to disclose information known to them concerning the risks of the J&J vaccine and, in doing so, denied Farmer-Shaw informed consent to receiving the vaccine.

To prevail on his informed consent substantive due process claim, Farmer-Shaw must prove "(1) he was deprived of information that a reasonable patient would deem necessary to make an informed decision about his medical treatment, (2) the defendant[s] acted with deliberate indifference to [his] right to refuse treatment, and (3) if [he] had received the information, he would have refused the treatment." *Knight v. Grossman*, 942 F.3d 336, 344 (7th Cir. 2019). Even if Farmer-Shaw establishes that his right to informed consent has been violated, the Court must then "take the second and final step of balancing the prisoner's right to informed consent against countervailing state interests." *Id.* "Liability arises only if, in the end, the prisoner's right outweighs the state interests." *Id.*

Here, the SAC alleges "Former Sec. Wetzel and Healthcare Administrator Norsok knew about" the risks associated with the J&J vaccine but failed to disclose this information to inmates. ECF No. 32, p. 3. Farmer-Shaw asserts "no policy existed for informed consent" when medical personnel at SCI-Albion administered the J&J vaccine to him on May 4, 2021, and that he "was never informed about restrictions by the F.D.A. being placed on the J&J vaccine because of blood

4

clotting." *Id.*, pp. 2–3. Farmer-Shaw thus contends he "did not have a clear understanding of the nature and risks of blood clots forming in the body in order to agree to that willingly." *Id.*, p. 2.

Defendants argue Farmer-Shaw cannot prevail on his Fourteenth Amendment claim because he "was provided with the information necessary to make an informed decision about medical treatment and gave his informed consent prior to receiving the vaccine."[3] ECF No. 50, p. 2. They point to two documents attached to their Answer: A May 3, 2021 memo addressed to "all inmates" from Secretary Wetzel on the J&J vaccine administration (ECF No. 48-1), and a J&J vaccine consent form bearing Farmer-Shaw's name. ECF No. 48-2, p. 3.[4] Defendants contend these exhibits are properly incorporated into their Answer as "written instruments" under Federal Rule of Civil Procedure 10(c) and thus may be considered by the Court in deciding their motion for judgment on the pleadings.

It is unclear whether Defendants' exhibits fall within the categories of documents the Court may consider in deciding a Rule 12(c) motion. *See Calpin v. Lackawanna Cnty.*, 2017 WL 590277, at *5 (M.D. Pa. Feb. 14, 2017) (holding that written contracts and similar instruments upon which a party bases a claim or defense and which the defendant has attached to the answer are properly considered on a motion for judgment on the pleadings, but purely evidentiary materials are not); *Bloxham v. Allstate Ins. Co.*, 2019 WL 5067306, at *3 (M.D. Pa. Oct. 9, 2019) (holding that written report and invoices showing power usage are "evidentiary" materials, not "written instruments" that a court may consider on a motion for judgment on the pleadings). Even if the Court may properly consider the exhibits attached to Defendants' answer, material factual issues preclude

---

[3] Thus, Defendants' motion challenges only the first element of Farmer-Shaw's Fourteenth Amendment informed consent claim. At this stage of the proceedings, Defendants do not challenge the adequacy of the record to support the "deliberate indifference" element or that Farmer-Shaw would have declined the vaccine had he received the necessary information.

[4] Defendants also attach Farmer-Shaw's signed consent form for the Moderna vaccine (ECF No. 48-2, p.1), which is immaterial to the instant case.

5

judgment on the pleadings in Defendants' favor. First, Defendants offer the Secretary's memo as proof that the DOC had an informed consent policy in place disclosing to Farmer-Shaw the risks associated with the J&J vaccine. *See* ECF No. 48, pp. 2–3; ECF No. 51, p. 4. The memo itself, however, is not evidence that Farmer-Shaw received it, and Farmer-Shaw disputes that Defendants distributed or otherwise reviewed the Secretary's memo with him. *See* ECF No. 53, p. 2; ECF No. 53-1, p. 1; ECF No. 54, p. 3. Second, Defendants contend Farmer-Shaw's signed vaccine consent form further demonstrates that they provided to him information about the J&J vaccine and refutes any claim that he did not give informed consent. *See* ECF No. 48, p. 3; ECF No. 51 pp. 4–5. While Farmer-Shaw admits to viewing the pre-vaccination questionnaire portion of the consent forms, he asserts DOC staff directed inmates to sign the forms without reading them. *See* ECF No. 53, p. 2; ECF No. 53-1, p. 1. Farmer-Shaw also points out that some of the documents have no signatures or dates. ECF No. 54, p. 3. The Court observes that the J&J consent form contains Farmer-Shaw's signature on the first page, but the signature block following the "Consent for Vaccination" paragraph on the second page is blank. *See* ECF No. 48-2, pp. 3–4. Thus, the form does not establish that Defendants provided to Farmer-Shaw the information necessary to make an informed decision regarding the J&J vaccination, or that he gave informed consent to receive the vaccine.

Accordingly, even assuming the authenticity of the proffered documents, and assuming *arguendo* that the Court may properly consider them here, material issues of fact exist as to whether Defendants disclosed to Farmer-Shaw risks associated with the J&J vaccine, and whether he gave informed consent to receive the J&J vaccine. *See Morris v. W. Manheim Twp.*, 2014 WL 582265, at *2 (M.D. Pa. Feb. 14, 2014) ("A material issue of fact that will prevent a motion under Rule 12(c) from being successful may be framed by an express conflict on a particular point

between the parties' respective pleadings. It also may result from the defendant pleading new matter and affirmative defenses in his answer." (quoting Wright & Miller, *Federal Practice & Procedure* § 1367)). The Court will therefore deny Defendants' Rule 12(c) motion and permit factual development of the record with respect to Farmer-Shaw's informed consent claim.

IV. Conclusion

For the foregoing reasons, Defendants' motion for judgment on the pleadings (ECF No. 50) is DENIED.

A separate order follows.

DATED this 4th day of March, 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE